REDMANN, Judge.
The employee concedes he was “unable” to do his work and that suffices to affirm his discharge under C.S.C.Rule IX. (There is no evidence to suggest he was “unwilling” and the Commission’s finding that he “cannot” continue in his position means only that it is impossible for him, i.e., that he is unable, to do so.)
Art. 1 § 3 protects a public employee only against arbitrary or unreasonable discharge because of physical condition. It is not arbitrary or unreasonable to discharge an employee because his physical condition prevents him from performing the duties of his position, and that was the basis for this employee’s discharge.
The employee also argues that the employer did not reasonably attempt to accommodate him, presumably by assigning other duties or another position. In fact the employer did previously demote him to a less demanding position — and that demotion was the subject of an earlier appeal to the Commission. The problem is that the employee’s physical condition makes him unable to do physical labor, and that has been the character of all his employment. The legal basis for the employee’s argument on this point is not wholly clear to us, but the conceded factual basis of his inability to do the work justifies his termination.
The employee also argues that the Commission failed to express a factual finding (as we understand the argument) so as not to affect the employee’s claim for a pension (a claim not within the jurisdiction of the Commission). We believe this argument answered by our ruling that the Commission did find the fact of inability to do the work (rather than unwillingness).
Finally we note the employee had argued that the employer had refused to allow him to exhaust his accrued annual leave time. The employer’s letter of dismissal authorized payment to him “for any annual leave which you may have accrued,” so we assume that the argument is that he should have been carried on the payroll as on annual leave until exhausted, rather than simply have been paid his leave. This point is not separately argued in brief, but we mention it because we were initially under the misapprehension that accrued leave had been forfeited. On the point as we now understand it, we cannot say that the Commission erred.
Affirmed.